UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RONNIE DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 16-210-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF KENTUCKY, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ronnie Lee Davenport is an inmate formerly confined at the Marion County Jail in Indianapolis, Indiana.  On September 13, 2016, Davenport sent a letter to the Court which has been docketed as a civil action for administrative purposes.  In his letter, captioned as a "Motion to Dismiss, Charges, Informations, and Detainers . . .." Davenport alleges that a detainer was lodged with the Marion County Jail by the Circuit Court of McCreary County, Kentucky. Davenport states that he has previously filed three motions in McCreary Circuit Court for a speedy trial to adjudicate the criminal charges pending against him, but that he has never received a response to his requests.  Davenport suggests that these actions violate his rights under Indiana's enactment of the Interstate Agreement on Detainers ("IADA"), codified at Ind. Code 35-33-10-4.  [R. 1.]  Davenport has not attempted to articulate any legal basis for his claims, nor has he either paid the filing fee or filed a motion to proceed *in forma pauperis*.

Davenport's letter is undated, but it was mailed from the Indiana jail on September 13, 2016.  [R. 1-2 at 1.]  On the same day, Davenport was released from the jail and was transferred

1

into the custody of Kentucky authorities pursuant to detainer number 11C140626.  *See*

http://inmateinfo.indy.gov/IML (last visited on October 24, 2016).  Davenport is currently

confined at the Leslie County Detention Center in Hyden, Kentucky.  *See*

http://www.lesliecountydetention.com/leslie_inmatelist.html (last visited on October 24, 2016).

Davenport is scheduled for a consolidated February 8, 2017, trial in three criminal cases filed in

2014.  Davenport stands charged with theft by unlawful taking of more than $500 but less than

$10,000 in violation of Ky. Rev. Stat. 514.030; first degree bail jumping in violation of Ky. Rev.

Stat. 520.070; and receiving stolen property valued under $10,000 in violation of Ky. Rev. Stat.

514.110.  See *Commonwealth v. Davenport*, No. 14-CR-96 (McCreary Cir. Ct. 2014);

*Commonwealth v. Davenport*, No. 14-CR-115 (McCreary Cir. Ct. 2014); *Commonwealth v.

Davenport*, No. 14-CR-67 (McCreary Cir. Ct. 2014).  The docket in each of these cases reflects

that on November 12, 2015, Davenport faxed a "Motion for Speedy Trial" to the Commonwealth

Attorney's Office, a motion that was not resolved.

     The Court construes Davenport's motion as a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  The Court conducts an initial review of habeas corpus petitions.

28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.

2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the

United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court

evaluates Davenport's petition under a more lenient standard because he is not represented by an

attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  At this stage of the proceedings, the Court

accepts the petitioner's factual allegations as true and construes all legal claims in his favor.  *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Having reviewed Davenport's

2

submission, the Court must deny the petition because Davenport has not properly implicated this Court's jurisdiction to assert his rights under the IADA and because his requests to the McCreary Circuit Court for a speedy trial were insufficient to invoke the provisions of the Act.

The IADA is an interstate compact entered into by the participating states with the consent of Congress, *Cuyler v. Adams*, 449 U.S. 433, 438-42 (1981), which "creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). To effectuate the IADA's uniform procedures, each participating state enacts substantially-identical provisions for the processing of interstate detainers. Kentucky's enactment of the IADA provides, in pertinent part, that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

Ky. Rev. Stat. 440.450.

The Court must deny relief for several reasons. First, rights under the IADA are properly asserted as a defense to the continued prosecution of charges in the underlying criminal

3

proceeding itself, not in ancillary proceedings in a separate court challenging the detainer resulting from the charges.  Cf. *Phipps v. Kentucky States Parole Bd.*, No. 13-60-GFVT, 2013 WL 5964678, at *2 (E.D. Ky. Nov. 7, 2013) ("If Phipps wants the KPB detainer quashed, he must file an action in the Kentucky state courts under the [IADA].")  Federal habeas relief under 28 U.S.C. § 2241 is not available based upon an asserted violation of the IADA unless "the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."  *Reed v. Farley*, 512 U.S. 339, 348 (1994).  Where, as here, the petitioner is a pretrial detainee and the state court has yet to rule upon the merits of his motion to dismiss the indictment, and in light of the exhaustion requirements found in 28 U.S.C. § 2254, the Court cannot conclude that there is yet any defect to correct at all, let alone one qualifying as so fundamental it warrants preemptive federal habeas relief.  Cf. *Stallings v. Franco*, 576 F. App'x 820, 822 (10th Cir. 2014) (noting that "rights created by the [IADA] are statutory, not fundamental, constitutional, or jurisdictional in nature," and therefore a federal habeas corpus action is not an available means to assert an alleged violation of the Act); *Curtis v. United States*, 123 F. App'x 179, 184–85 (6th Cir. 2005) ("alleged violations of the Interstate Agreement on Detainers are not cognizable under either Section 2254, relating to state proceedings, and Section 2255, relating to federal proceeding ... the same logic applies to claims under § 2241 regarding alleged violations of the compact on detainers."); *Mokone v. Fento*, 710 F.2d 998, 1003 (3d Cir. 1983) ("only the courts of the indicting state can enter an order that would effectively void the criminal charge" based on a violation of the IADA).

Finally, Davenport's motions for a "speedy trial" were not, without more, sufficient to give notice to Kentucky as the receiving jurisdiction that he intended to invoke the provisions of the IADA.  *See United States v. Dooley*, 580 F.3d 682, 685 (8th Cir. 2009) (defendant's failure to

clearly request speedy trial on IADA Form II sent to sending state was insufficient to invoke

protections of IADA); *Ellis v. Commonwealth*, 828 S.W.2d 360 (Ky. 1992) (prisoner's motion

for a speedy trial is insufficient to trigger the 180-day time limitation of Article III of the IADA

where the motion made no reference to the IADA or the time limitation and the request for

disposition is not accompanied by a certificate from the appropriate official having custody of

the prisoner detailing specific information about the prison term in the sending state). The Court

will therefore deny the petition to permit Davenport to assert his IADA claims in the McCreary

Circuit Court.

Accordingly, **IT IS ORDERED** that:

1. Ronnie Davenport's "Motion to Dismiss, Charges, Informations, and

Detainers . . . " [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. The Court will enter an appropriate judgment.

This 27th day of December, 2016.

Gregory F. Van Tatenhove
United States District Judge